19SL-CC01187

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **GLENN MURPHY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Number:** |
| | ) | |
| **v.** | ) | **Division:** |
| | ) | |
| **ORACLE AMERICA,** | ) | |
| **INCORPORATED,** | ) | |
| Serve Registered Agent: | ) | **JURY TRIAL DEMANDED** |
| CSC-Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |

### PETITION

COMES NOW Plaintiff Glenn Murphy, by and through undersigned counsel, and for his Petition, hereby states the following to the Court:

### PARTIES

1.      Plaintiff Glenn Murphy (hereinafter sometimes referred to as "Plaintiff") was an employee of Defendant Oracle America, Incorporated (hereinafter sometimes referred to as "Defendant Oracle") who alleges in this Petition that he was subjected to severe and pervasive disability discrimination, age discrimination, unlawful retaliation, and termination by one or more of Defendant Oracle's supervisory agents and/or employees.

2.      Plaintiff is a resident of the State of Missouri.

3.      Defendant Oracle is a corporation with its principal office located at 1001 Sunset Boulevard, Rocklin, California 95765.

EXHIBIT A

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

4.      Defendant Oracle conducts continuous and systematic business in the State of Missouri.

5.      Defendant Oracle had six or more employees in the State of Missouri on all relevant dates contained herein.

6.      Defendant Oracle is an "employer" as contemplated by the Missouri Human Rights Act (hereinafter sometimes referred to as the "MHRA").

7.      All "Counts" in this Petition arise out of alleged conduct that, if proven, would constitute violations of the MHRA.

## JURISDICTION AND VENUE

8.      The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

9.      Jurisdiction and venue are proper in St. Louis County, Missouri pursuant to RSMo. §§ 508.010 and 213.111.1.

10.     Plaintiff received one Notice of Right to Sue letter from the Missouri Commission on Human Rights (hereinafter sometimes referred to as the "MCHR") on or about February 4, 2019. A copy of Plaintiff's Notice of Right to Sue from the MCHR is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

11.     Plaintiff's cause of action arises out of conduct that took place in St. Louis County, State of Missouri.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

## ADMINISTRATIVE PROCEDURES

12.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

13.     On or about June 20, 2018, Plaintiff timely filed – with the MCHR and the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") – a charge of discrimination against Defendant on the basis of disability discrimination, age discrimination, and retaliation. A copy of said charge of discrimination is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

14.     On or about February 4, 2019, the MCHR issued Plaintiff his Notice of Right to Sue (*See* Plaintiff's Exhibit 1) related to the aforesaid charge of discrimination, and this lawsuit is being filed within 90 days of the MCHR's issuance of said Notice.

15.     The aforesaid charge of discrimination provided the MCHR and the EEOC a sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an MCHR or EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

16.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

17.     Specifically, this Petition is being filed within all applicable statutes of limitations.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

19.     Plaintiff was employed at Defendant Oracle as a commissioned salesperson for five years.

20.     As of the date of this Petition, Plaintiff is 64 years old.

21.     Thus, Plaintiff is a member of a protected class under the MHRA (i.e. Plaintiff is over the age of 40).

22.     Plaintiff suffers from a herniated disk in his back.

23.     Plaintiff is under information and belief that Defendant Oracle via its supervisory agent(s) were aware of the herniated disk in Plaintiff's back.

24.     Plaintiff's herniated disk affects one or more of his major life functions.

25.     Therefore, Plaintiff is disabled as contemplated by the MHRA.

26.     In or around March of 2015, Plaintiff took approximately five weeks of medical leave due to a right hip replacement.

27.     Upon returning to work at Defendant Oracle following Plaintiff's medical leave, he attended a quarterly business review.

28.     In the months leading up to the quarterly business review, one of Defendant Oracle's vice presidents told Plaintiff to focus his time on one of his largest clients, Tyson Foods (hereinafter sometimes referred to as "Tyson").

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

29.     During the business review, Plaintiff was reprimanded by the same vice president of Defendant Oracle for failing to cover all of the accounts in his territory, even though he was following the vice president's directive to focus on a single account, Tyson.

30.     Moreover, during the quarterly business review, Plaintiff reminded the vice president that, as a general rule in the sales' industry, "80% of sales generally come from 20% of the customer base."

31.     Plaintiff informed the vice president that the aforementioned rule of thumb was true 50 years ago and is still true today.

32.     In response, the vice president berated Plaintiff.

33.     Specifically, the vice president told Plaintiff that "that was how old sales people think".

34.     Plaintiff is under information and belief that the vice president made the aforementioned statement in reference to Plaintiff age.

35.     The vice president's comment regarding Plaintiff's age caused Plaintiff to feel uncomfortable at work.

36.     Shortly thereafter, Defendant Oracle's chief executive officer, Mark Hurd (hereinafter sometimes referred to as "Oracle's CEO"), publicly announced Defendant Oracle's new nationwide hiring profile for its sales' force.

37.     According to Oracle's CEO, Defendant Oracle's new hiring strategy was to systematically hire new employees directly out of college.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

38.     After hiring the aforementioned recent college graduates, Oracle's CEO's announcement then stated Defendant Oracle intended to train the recent graduates with the ultimate intention of having them replace Defendant Oracle's "older workforce."

39.     Plaintiff is under information and belief that by "older workforce," Oracle's CEO, at least implicitly, meant "employees over 40 years of age."

40.     Plaintiff is under information and belief that Defendant Oracle did, in fact, execute the aforementioned strategy to hire recent college graduates with the intention of replacing older workers.

41.     Plaintiff is under information and belief that, on balance, recent college graduates are under the age of 40.

42.     Plaintiff is under information and belief that Defendant Oracle discriminated against its employees over the age of 40, including Plaintiff, through the aforementioned hiring strategy.

43.     Moreover, Plaintiff is under information and belief that Defendant Oracle's policy of replacing its older employees with recent college graduates was in direct violation of the MHRA.

44.     Specifically, when Plaintiff began working at Defendant Oracle, Plaintiff's division was composed of three "divisions."

45.     Over the course of Plaintiff's employment with Defendant Oracle, Plaintiff's division had shrunk from seven people to three, and the other two groups had substantial turnover whereby Defendant Oracle was systematically replacing employees over the age of 40 with younger employees.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

46.     Despite Defendant Oracle's constant turnover, Plaintiff continued to successfully meet all of his sales' goals and work-related expectations as communicated by Defendant Oracle's supervisory agent(s).

47.     Specifically, prior to Plaintiff's termination, Plaintiff was assigned a very difficult task with one of Defendant Oracle's largest clients, Tyson.

48.     At that time, Tyson had experienced a nearly complete turnover of its executive team, so Plaintiff was tasked with building, from the ground up, a relationship with Tyson's new executive team.

49.     Plaintiff believed that the aforementioned assignment was a difficult one, as Plaintiff's successful relationship with Tyson had been previously built around fostering relationships with Tyson's previous management team.

50.     Nonetheless, Plaintiff was able to build new relationships with Tysons new executive team and meet Defendant Oracle's stated expectations with respect to the assigned task.

51.     In fact, Plaintiff received a verbal commitment from Tyson's new chief technology officer to meet with Defendant Oracle's executives.

52.     Ultimately, Plaintiff was able to meet with two of Tyson's key decision makers and convince them to attend a briefing at Defendant Oracle's headquarters in Silicon Valley, California.

53.     From approximately September 1, 2017 through November 30, 2017, Plaintiff was out of work on approved short-term disability leave.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

54.    Furthermore, during 2018 and prior to Plaintiff's termination from Defendant Oracle, Plaintiff was at approximately 150% of his sales' goal for the year.

55.    Moreover, Plaintiff is under information and belief that, had he not been terminated, there is a high likelihood that Plaintiff would have exceeded his goal for the year.

56.    On or about February 28, 2018, one of Defendant Oracle's vice presidents, Andy Zschach (hereinafter sometimes referred to as "Zschach") and Plaintiff made a call to Tyson.

57.    While preparing for the call, Plaintiff and Zschach had a very positive and upbeat conversation.

58.    Plaintiff was upon information and belief that he had a good working relationship with Zschach.

59.    As a result, Plaintiff decided to inform Zschach about the aforementioned herniated disk in Plaintiff's back.

60.    During the aforementioned conversation, Plaintiff informed Zschach that Plaintiff's herniated disk may require surgery.

61.    Thus, Plaintiff engaged in the protected activities of, among other things:

    a.  Informing one of Defendant Oracle's supervisory agents that he was suffering from a disability; and/or

    b.  Implicitly identifying a necessary accommodating for Plaintiff's disability in that Plaintiff informed Defendant Oracle's supervisory agent, Zschach, that he would likely need surgery as a result of said disability.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

62.     Two days later, on or about March 2, 2018, one or more of Defendant Oracle's supervisory agents terminated Plaintiff's employment with Defendant Oracle.

63.     Despite Plaintiff having closed nearly a million dollars in sales over the prior two months, Plaintiff was informed by Defendant Oracle's supervisors that he was being terminated due to "an account management issue."

64.     In the two days following Plaintiff's conversation with Zschach regarding the herniated disk in Plaintiff's back, neither Defendant Oracle not its supervisory agent(s) ever engaged Plaintiff in any interactive process to determine what, if any, reasonable accommodations may have allowed Plaintiff to perform the essential functions of his job.

65.     As a result of Plaintiff's conversation with Zscach and the timing of that conversation and Plaintiff's termination, Plaintiff is under information and belief that, at least one of Defendant Oracle's supervisor agents, Zschach, perceived Plaintiff to be disabled.

66.     Thus, Plaintiff believes his perceived and/or actual disability was a motivating factor in Defendant Oracle's decision to terminate his employment.

67.     Moreover, Plaintiff is upon information and belief that, as a result of Defendant Oracle's hiring strategy of replacing older workers with a younger work force, Plaintiff's age was a motivating factor in Defendant oracle's decision to terminate Plaintiff's employment.

68.     Furthermore, Plaintiff is upon information and belief that, due to Plaintiff's strong sales' numbers, "an account management issue" was merely a pretextual basis for terminating Plaintiff's employment.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

69.     Plaintiff is upon information and belief that he was discriminated against, retaliated against, and ultimately terminated, even though he had successfully met all of his sales goals and job requirements, due to engaging in the protected activity of disclosing his disability and requesting an implicit reasonable accommodation, as set forth above.

70.     Additionally, Plaintiff is under information and belief that he was also discriminated against, retaliated against, and ultimately terminated due to his age.

71.     Specifically, as set forth in detail above, Plaintiff is under information and belief that he was discriminated against, retaliated against, and ultimately terminated because of Defendant Oracle's publicly announced sales' strategy favoring younger employees under the age of 40.

## COUNT I
## DISABILITY DISCRIMINATION
### (Brought pursuant to the MHRA)

72.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

73.     Plaintiff is and was "disabled" as that term is defined by the MHRA at all times relevant herein.

74.     Plaintiff is disabled pursuant to the MHRA because Plaintiff suffers from a herniated disk in his back and its lasting effects.

75.     Thus, Plaintiff is a member of a class of persons protected by the MHRA; namely, a disabled employee.

76.     Moreover, as set forth above, Defendant Oracle via its supervisory agent(s), perceived Plaintiff to be a disabled employee, as defined by the MHRA.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

77.     Plaintiff's disability affected and continues to affect one of more of his major life activities as described in the MHRA.

78.     Plaintiff could perform the essential functions of his job with or without reasonable accommodations.

79.     Other than indicating to Defendant Oracle's supervisory agent, Zschach, that Plaintiff would likely need surgery related to the herniated disk in his back, Plaintiff was not afforded the opportunity to request any other reasonable accommodation(s).

80.     Specifically, Defendant Oracle terminated Plaintiff's employment only two days after Plaintiff's conversation with Zschach whereby Plaintiff indicated that he was suffering from a herniated disk in his back and would likely need surgery.

81.     Thus, Defendant Oracle did not allow itself adequate time by which to even contemplate engaging in the interactive process, as required by law.

82.     By failing to even engage in the interactive process, Defendant Oracle put itself in a position whereby it would not have been able to determine if any reasonable accommodation(s) for Plaintiff's disability would have been possible and/or would have caused an undue hardship on Defendant Oracle.

83.     However, Plaintiff is under information and belief that Defendant Oracle had reasonably accommodated other employees in the past who were suffering from similar disabilities.

84.     Namely, Plaintiff is under information and belief that Defendant Oracle's policies would have permitted Plaintiff to, at a minimum, take a medical leave of absence

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

related to his potential surgery and/or apply for additional short-term disability benefits, as offered by Defendant Oracle.

85.     However, neither Defendant Oracle nor its supervisory agent(s) ever discussed Defendant Oracle's medical leave policy and/or his eligibility for any additional short-term disability benefits.

86.     Because Plaintiff was previously approved for and actually took short-term disability benefits, Plaintiff is under information and belief that such benefits would have been a reasonable accommodation that Defendant Oracle could have provided to him without undue hardship to the company.

87.     Thus, Defendant Oracle refused to engage in any interactive process with Plaintiff to determine a reasonable accommodation for his disability.

88.     Rather, instead of even considering if Defendant Oracle could reasonably accommodate Plaintiff's disability, Defendant Oracle and/or its supervisory agent(s) retaliated against Plaintiff by, among other possible retaliatory acts, terminating his employment.

89.     Plaintiff was subjected to tangible employment actions including, but not limited to, having his employment with Defendant Oracle terminated.

90.     Plaintiff's disability was, at the very least, a motivating factor in suffering the above-listed tangible employment actions.

91.     As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his disability, in violation of the MHRA – at the

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

hands of Defendant Oracle and/or its supervisory agent(s) during the course of Plaintiff's employment.

92.     As a direct and proximate result of Defendant Oracle and/or its supervisory agent(s)' actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

93.     As a direct and proximate result of Defendant Oracle and/or its supervisory agent(s)' actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden-variety emotional distress and other related compensatory damages.

94.     By failing to take prompt and effective remedial action - e.g., providing Plaintiff with a reasonable accommodation; reprimanding Defendant Oracle's supervisory agent(s); and/or overruling Defendant Oracle's supervisory agent(s) in their decision to terminate Plaintiff's employment– Defendant Oracle, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

95.     As shown by the foregoing, Defendant Oracle's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Oracle and/or to deter it and others from like conduct in the future.

96.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant Oracle, as provided by the MHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT II
## DISABILITY DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### (Brought pursuant to the MHRA)

97.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

98.    Plaintiff, by virtue of his disability, is a member of a class of persons protected by the MHRA.

99.    During the course of the Plaintiff's employment with Defendant Oracle, Plaintiff was subjected to severe and unwelcome discrimination based on his disability, including, but not limited to, that contained within this Petition.

100.    The disability related -offensive, -harassing, and/or -discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work-environment to be hostile and/or abusive.

101.    At the time the disability related -offensive, -harassing, and/or -discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and/or abusive, and said conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant Oracle.

102.    Defendant Oracle knew or should have known of the disability discrimination as Plaintiff had reported his disability to one of Defendant Oracle's supervisory agents, Zschach.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

103.    Plaintiff was terminated shortly thereafter, before any discussions of possible reasonable accommodations could take place.

104.    Defendant Oracle failed to exercise reasonable care to prevent and promptly correct the aforementioned disability related -offensive, -harassing, and -discriminatory conduct by Defendant Oracle, including, but not limited to, one or both of the following:

   a.  Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including disability discrimination; and/or

   b.  Failing to properly train and/or otherwise inform its supervisory agent(s) and/or employee(s) concerning their duties and obligations under the civil rights laws, including the MHRA.

105.    Plaintiff's disability was, at the very least, a motivating factor in Defendant Oracle and/or its supervisor agent(s)' disparate treatment of Plaintiff.

106.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his disability, in violation of the MHRA – at the hands of Defendant Oracle and/or its supervisory agent(s) during the course of Plaintiff's employment.

107.    As a direct and proximate result of Defendant Oracle and/or its supervisory agent(s)' actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

108.   As a direct and proximate result of Defendant Oracle and/or its supervisory agent(s)' actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other related non-medical bill compensatory damages.

109.   By failing to take prompt and effective remedial action - e.g., providing Plaintiff with a reasonable accommodation; reprimanding Defendant Oracle's supervisory agent(s); and/or overruling Defendant Oracle's supervisory agent(s) in their decision to terminate Plaintiff's employment– Defendant Oracle, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

110.   As shown by the foregoing, Defendant Oracle and/or its supervisory agent(s)' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Oracle and/or to deter it and others from like conduct in the future.

111.   Plaintiff is entitled to recover reasonable attorneys' fees from Defendant Oracle, as provided by the MHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT III
## DISABILITY DISCRIMINATION: RETALIATION

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

**(Brought pursuant to the MHRA)**

112.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

113.    As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, reporting his disability to his supervisor and implicitly requesting the reasonable accommodation of permitted him to undergo surgery.

114.    As a result of engaging in said protected activities, Plaintiff has suffered, and continues to suffer, adverse employment actions, as alleged in this Petition, including, but not limited to, having his employment with Defendant Oracle terminated.

115.    Plaintiff's engaging in said protected activities was, at the very least, a motivating factor in the adverse employment action(s) suffered by Plaintiff.

116.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his disability, in violation of the MHRA – at the hands of Defendant Oracle and/or its supervisory agent(s) during the course of his employment.

117.    As a direct and proximate result of the actions and/or omissions of Defendant Oracle and/or its supervisory agent(s), Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

118.    As a direct and proximate result of the actions and/or omissions of Defendant Oracle and/or its supervisory agent(s), Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other related non-medical bill compensatory damages.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

119.   By failing to take prompt and effective remedial action - e.g., providing Plaintiff with a reasonable accommodation; reprimanding Defendant Oracle's supervisory agent(s); and/or overruling Defendant Oracle's supervisory agent(s) in their decision to terminate Plaintiff's employment– Defendant Oracle, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

120.   As shown by the foregoing, Defendant Oracle and/or its supervisor agent(s)' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Oracle and/or to deter it and others from like conduct in the future.

121.   Plaintiff is entitled to recover reasonable attorney's fees from Defendant Oracle, as provided by the MHRA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorney's fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IV
## AGE DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### (Brought pursuant to the MHRA)

122.   The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

123.    Plaintiff, by virtue of his age, is a member of a class of persons protected by the MHRA.

124.    During the course of Plaintiff's employment with Defendant Oracle, Defendant Oracle and/or its supervisor agent(s) subjected Plaintiff to severe and unwelcome conduct based on Plaintiff's age, including, but not limited to, that contained within this Petition.

125.    At all times relevant herein, Defendant Oracle and/or its supervisory agent(s)' age related –offensive, -harassing, and -discriminatory conduct was severe, unwelcome, and objected to by Plaintiff.

126.    The age related –offensive, -harassing, and –discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

127.    At the time the age related –offensive, -harassing, and –discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and/or abusive.

128.    Additionally, the aforementioned age related –offensive, -harassing, and –discriminatory conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant Oracle.

129.    Defendant Oracle knew or should have known of the age discrimination against Plaintiff by Defendant Oracle's supervisory agent(s).

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

130.   Defendant Oracle failed to exercise reasonable care to prevent or correct the age –offensive and –discriminatory conduct of Defendant Oracle and/or its supervisory agent(s) including, but not limited to, one or more of the following:

   a.   Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including age discrimination and harassment; and/or

   b.   Failing to properly train and/or otherwise inform its supervisory agent(s) and/or employee(s) concerning their duties and obligations under the civil rights laws, including the MHRA.

131.   Plaintiff's age was, at the very least, a motivating factor in Defendant Oracle and/or its supervisory agent(s)' disparate treatment of Plaintiff.

132.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his age, in violation of the MHRA – at the hands of Defendant Oracle and/or its supervisory agent(s) during the course of Plaintiff's employment with Defendant Oracle.

133.   As a direct and proximate result of Defendant Oracle and/or its supervisory agent(s)' actions and/or omissions, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits.

134.   As a direct and proximate result of Defendant Oracle and/or its supervisory agent(s)' actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other related non-medical bill compensatory damages.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

135.    By failing to take prompt and effective remedial action, Defendant Oracle, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

136.    As shown by the foregoing, Defendant Oracle and/or its supervisory agent(s)' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Oracle and/or deter it and others from like conduct in the future.

137.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant Oracle, as provided by the MHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT V
## AGE DISCRIMINATION: TANGIBLE EMPLOYMENT ACTION
### (Brought pursuant to the MHRA)

138.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

139.    Plaintiff was subjected to tangible employment actions including, but not limited to, being terminated.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

140.    Plaintiff's age was, at the very least, a motivating factor in suffering the tangible employment actions.

141.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his age, in violation of the MHRA – at the hands of Defendant Oracle and/or its supervisory agent(s) during the course of Plaintiff's employment.

142.    As a direct and proximate result of the actions and/or omissions of Defendant Oracle and/or its supervisory agent(s), Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits.

143.    As a direct and proximate result of the actions and/or omissions of Defendant Oracle and/or its supervisory agent(s), Plaintiff has suffered, and continues to suffer, garden-variety emotional distress and other related non-medical bill compensatory damages.

144.    By failing to take prompt and effective remedial action, Defendant Oracle, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

145.    As shown by the foregoing, Defendant Oracle and/or its supervisory agent(s)' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Oracle and/or deter it and others from like conduct in the future.

Electronically Filed - St Louis County - March 20, 2019 - 10:51 AM

146.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant Oracle, as provided by the MHRA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest; as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ Jeremy D. Hollingshead
Jeremy D. Hollingshead   #60447
7777 Bonhomme Avenue, Suite 2401
Saint Louis, Missouri 63105
Telephone:    (314) 480-5474
Facsimile:    (314) 594-0825
Email: jhollingshead@hdtriallawyers.com

ATTORNEY FOR PLAINTIFF