UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19CV1207 JCH |
| | ) | |
| ORACLE AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Arbitration (ECF No. 6). The Motion is fully briefed and ready for disposition.

## BACKGROUND

This case arises from Plaintiff's employment and termination of his employment on March 2, 2018. On March 20, 2019, the Plaintiff filed the instant case in the Circuit Court of St. Louis County, in the State of Missouri. (Cause No: 19SL-CC01187). Plaintiff alleges claims under the Missouri Human Rights Act ("MHRA") for discrimination, retaliation and hostile work environment due to age and alleged disability. On May 8, 2019, the Defendant removed the case to this Court. (ECF No. 1). Defendant now seeks to compel Plaintiff's claims to arbitration to the parties' Mutual Agreement to Arbitrate pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* ("FAA"). Defendant asserts that at all times during Plaintiff's employment with Defendant the Parties were subject to a Mutual Agreement to Arbitrate ("MAA"). (ECF No. 7, at 2). The MAA states:

> You and Oracle understand that any existing or future dispute or claim arising out of or related to your Oracle employment or the termination of

that employment, will be resolved by final and binding arbitration, and that no other forum for dispute resolution will be available to either party, except as to those claims identified below. The decision of the arbitrator shall be final and binding on both you and Oracle and it shall be enforceable by any court having proper jurisdiction.

The arbitration proceedings shall be conducted pursuant to the Federal Arbitration Act, and in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association or the Employment Arbitration Rules and Procedures adopted by Judicial Arbitration & Mediation Services ("JAMS"). The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration.

**Claims Not Covered**

Claims not covered by the Arbitration Agreement are:
1. Claims under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention,
2. Claims for benefits under the workers' compensation, unemployment insurance and state disability insurance laws, and
3. Claims by you or by Oracle for temporary restraining orders or preliminary injunctions ("temporary equitable relief") in cases in which such temporary equitable relief would be otherwise authorized by law. In such cases where temporary equitable relief is sought, the trial on the merits of the action will occur in front of, and will be decided by the arbitrator, who will have the same ability to order legal equitable remedies as could a court of general jurisdiction.

### DISCUSSION

Defendant asserts that the MAA is valid and enforceable against the Plaintiff. (ECF No. 7, at 5). Plaintiff disagrees stating that the Court should find that the MAA lacks consideration. (ECF No. 11, 3-4). Plaintiff further requests that the Court apply the doctrine of unclean hands to determine that the MAA is unenforceable. The Defendant argues that the Plaintiff has misunderstood the law regarding the arbitrability of the MAA because under the AAA and JAMS Rules, the Arbitrator not the court may rule on the validity and enforceability of the

Arbitration Agreement. (ECF No. 14). Defendant further argues that this Court should stay judicial proceedings pending arbitration. (ECF No. 7, at 10).

Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects the strong federal policy favoring arbitration. *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Because "arbitration is a matter of contract,….courts must rigorously enforce arbitration agreements according to their terms," *American Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotations and citation omitted), including requirements to pursue claims through individual arbitration. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1621 (2018). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC,* 641 F.3d 263, 266 (8th Cir. 2011) (citation omitted). "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Security, Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) (citations omitted). Plaintiff does not dispute that his claims fall within the MAA. Rather, Plaintiff maintains that the arbitration agreement itself is unenforceable because it lacks consideration.

As noted above, the parties agreed to abide by the Employment Arbitration Rules (or successor rules) of the AAA. Rule 6(a) of the AAA Rules states as follows: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the

3

existence, scope, or validity of the arbitration agreement." *See* AAA Employment Arbitration Rules and Mediation Procedures, 6(a). Additionally, the Parties agreed to abide by the JAMS Rules. Rule 11(b) of the JAMS Rules states:

> Jurisdictional and arbitrability disputes including disputes over the formation, existence, validity, interpretation, or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter"

*See* JAMS Employment Arbitration Rules & Procedures, 11(b).

Parties are free to agree to arbitrate threshold or "gateway" questions of arbitrability. *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 68-69 (2010) (noting that this "reflects the principle that arbitration is a matter of contract"). "By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." *Green v. SuperShuttle Int'l, Inc.,* 653 F.3d 766, 769 (8th Cir. 2011) (citation omitted). In other words, incorporation of the AAA Rules into an arbitration agreement is a "clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." *Fallo v. High-Tech Inst.,* 559 F.3d 874, 878 (8th Cir. 2009) (citation omitted). "When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause=s enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged." *Hubbard v. Career Educ. Corp.,* No. 4:11CV995 CDP, 2011 WL 5976070, at *2 (E.D. Mo. Nov. 30, 2011) (citing *Rent-A-Center,* 130 S.Ct. at 2779); *accord Mitchell v. Career Educ. Corp.,* No. 4:11CV1581 TCM, 2011 WL 6009658, at *3 (E.D. Mo. Dec. 1, 2011).

Plaintiff does not challenge the provision of the MAA that delegates the authority to resolve issues of arbitrability to the arbitrator. *See Wallace v. Communications Unlimited, Inc.*,

4

No. 4:18CV503 JAR, 2019 WL 1001701, at *5 (E.D. Mo. Mar. 1, 2019) ("As in *Rent-A-Center*, Plaintiffs do not directly challenge the enforceability of the delegation provision, only the validity….of the contract as a whole….Assertions that the contract lacked adequate….consideration….are clearly challenges to the validity and enforceability of the contract as a whole."). Thus, it is for the arbitrator to determine the validity of the arbitration agreement as a whole. *See RentBABCenter,* 561 U.S. at 72 ("Accordingly, unless [employee] challenged the delegation provision specifically, we must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the Arbitrator."). *Accord Driver v. BPV Market Place Investors, L.L.C.*, No. 4:17CV1607 CAS, 2018 WL 3363795, at *6 (E.D. Mo. Jul. 10, 2018) (citation omitted) ("Plaintiff argues the Agreement lacks legal consideration, but this argument also goes to the validity of the Agreement as a whole, and concerns the issue of contract formation. The Agreement's delegation clause grants the arbitrator exclusive authority to resolve any dispute relating to the Agreement's applicability, enforceability, or formation. Again, because plaintiff does not argue that the delegation provision itself lacks legal consideration, the Court must treat it as valid, and leave plaintiff's formation challenge to the arbitrator"); *Arment v. Dolgencorp, LLC*, No. 2:18CV26 CDP, 2018 WL 5921369 (E.D. Mo. Nov. 13, 2018).[1]

In accordance with the foregoing, Defendant's Motion to Compel Arbitration must be granted. *See Wallace*, 2019 WL 1001701, at *6 (quoting *Jones v. Titlemax of Missouri, Inc.*, No. 4:15CV1361 JAR, 2016 WL 4158886, at *4 (E.D. Mo. Aug. 5, 2016) ("The Court concludes that

---

[1] Plaintiff's claim that the MAA fails for lack of consideration is a matter for the arbitrator to determine. *See Randazzo v. Anchen Pharmaceuticals, Inc.*, No. 4:12CV999 CAS, 2012 WL 5051023, at *7 (E.D. Mo. Oct. 18, 2012).

Plaintiffs have not shown that the delegation provision in the [MAA] is invalid. As such, 'the Court's only role will be to enter an order compelling arbitration.'").

As a secondary matter the Defendant requests that the Court stay Plaintiff's claims pending arbitration. (ECF No. 7, at 10). Section 3 of the FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9. U.S.C. § 3. (1982). Therefore, the Court will stay the proceedings pending arbitration.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the proceedings are stayed pending Arbitration.


Dated this 19th Day of June, 2019.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE